IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES G.,[1] | : | Case No. 3:21-cv-00153 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in August 2018. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review and issued a corrective, unfavorable decision that evaluated additional evidence but adopted the ALJ's material findings. (Doc. 7-2, PageID 7-2, PageID 24-32; Doc. 7-4, PageID 253-56.). Plaintiff subsequently filed this action.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 13), Plaintiff's Reply (Doc. 14), and the administrative record (Doc. 7).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since January 12, 2018. At that time, he was forty-one years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 7-3, PageID 150-62), Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 13), and Plaintiff's Reply (Doc. 14). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

2

Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

IV.　**FACTS**

　　A.　**The ALJ's Findings of Fact**

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1:　Plaintiff has not engaged in substantial gainful activity since January 12, 2018, the alleged onset date.
>
> Step 2:　He has the severe impairments of "cervical degenerative disc disease (DDD), mild lumbar spine DDD, residuals of a transient ischemic attack, and depression."
>
> Step 3:　He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4:　His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 CFR § 404.1567(a), subject to the following limitations: "(1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) occasional

>>use of the right upper extremity for overhead reaching; and (6) limited to performing simple, repetitive tasks with an SVP of 1 or 2."
>>
>>He is unable to perform any of his past relevant work.
>
>Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 7-3, PageID 152-62.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 162.)

### B. The ALJ's Symptom Severity Analysis

The ALJ summarized Plaintiff's allegations and found that they were not fully supported by the objective medical evidence:

> The extent of (physical and mental) limitation alleged is largely unsubstantiated by convincing objective medical evidence or clinical findings. The evidence generally does not support the alleged loss of functioning. According to [Plaintiff], he is unable to work because his [sic] is unable to sit, stand, lift, or reach for long periods of time (3E at 5). [Plaintiff] has sufficient physical capacity and adequate mental acuity to live independently. As noted above, [Plaintiff] asserts that he has sole custody of his minor child. It is also noted throughout the record that [Plaintiff] works part time for a car dealership delivering cars. His ability to act in such a capacity presupposes rather intact physical abilities and mental capabilities.

(Doc. 7-3, PageID 156-57.) The ALJ then concluded:

> After careful consideration of the evidence, the undersigned finds [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id.* at PageID 157.)

V.  LAW AND ANALYSIS

Plaintiff contends that the ALJ reversibly erred in evaluating the medical opinions and Plaintiff's symptom severity, and that he failed to carry the Step Five burden. (Doc. 9, PageID 1117.) Finding error in the ALJ's evaluation of Plaintiff's symptom severity, the Court does not address the remaining issues and instead instructs the ALJ to address all of them on remand.

A.  Applicable Law

When a claimant alleges symptoms of disabling severity, the Social Security Administration uses a two-step process for evaluating an individual's symptoms. SSR 16-3p, 2017 WL 5180304, *3 (revised and republished Oct. 25, 2017).

First, the ALJ must "determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms." SSR 16-3p at *3. The ALJ must make this determination based upon objective medical evidence in the form of medical signs or laboratory findings. *Id*. Medical signs are "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques that can be observed apart from an individual's symptoms." *Id*. The ALJ will not, however, consider whether the objective medical evidence supports the alleged severity of the individual's symptoms. *Id*.

Second, the ALJ must "evaluate the intensity and persistence of an individual's symptoms … and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p at *9. The Social Security Administration "recognize[s] that some individuals may experience symptoms differently

6

and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." *Id*. The ALJ must therefore examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*.

When evaluating the intensity, persistence and limiting effects of the claimant's alleged symptoms, the ALJ must consider the following factors:

1. Daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p at *7-8; *cf.* 20 C.F.R. § 404.1529(c)(3). The ALJ need only discuss those factors that are pertinent based upon the evidence in the record. *Id*. The ALJ's discussion of the applicable factors "must contain specific reasons for the weight given to the

7

individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

The ALJ must determine whether an individual's symptoms and accompanying limitations are consistent with the evidence in the record. SSR 16-3p at *8. For example, the ALJ will consider an individual's statements, keeping in mind that those statements may be inconsistent because "[s]ymptoms may vary in their intensity, persistence, and functional effects, or may worsen or improve with time." *Id*. at *8-9.

### B. The ALJ Erred When Analyzing Plaintiff's Symptom Severity, and The Error Was Not Harmless

The ALJ's analysis of Plaintiff's symptom severity does not comply with the applicable rules and regulations, and his conclusions are unsupported by substantial evidence. Therefore, the Court reverses and remands the ALJ's decision.

Social Security Ruling 16-3p requires an ALJ to consider a claimant's daily activities when evaluating the severity of his symptoms. SSR 16-3p at *7. The ALJ's analysis of such activities must "be consistent with and supported by the evidence." *Id*. at *10. Similarly, the Sixth Circuit recognizes that an ALJ "may consider a claimant's household and social activities in evaluating complaints of daily pain." *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). However, the ALJ "may not take part of [Plaintiff's] testimony and disregard the rest." *Lowery v. Comm'r of Soc. Sec.*, 55 F. App'x 333, 339 (6th Cir. 2003) (citations omitted). Instead, substantial

8

evidence "must be based upon the record taken as a whole." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984).

Here, the ALJ found that Plaintiff is able to live independently and has "rather intact physical abilities and mental capabilities" because Plaintiff: 1) has sole custody of his minor child; and 2) works part-time delivering cars for a car dealership. (Doc. 7-3, PageID 156-57.) These findings mischaracterize Plaintiff's testimony and statements throughout the record. Contrary to the ALJ's conclusion that Plaintiff has "sufficient physical capacity and adequate mental acuity to live independently" (Doc. 7-3, PageID 156), the record is replete with evidence that Plaintiff does *not* live independently.

In November 2018, Plaintiff reported that he lived with his parents and child and performed only limited activities in a typical day: namely, "bath[ing], watch[ing] t[elevision], eat[ing], and rest[ing.]" (Doc. 7-8, PageID 306.) Plaintiff prepared meals a few times per week and could "barely do any" household chores. (*Id.* at PageID 307.) Plaintiff had difficulty with activities of personal care, such as pain with bathing, dressing, and shaving. (*Id.* at PageID 306.)

At the consultative physical examination, Plaintiff said he was able to "do his [activities of daily living]" but that bending, stooping, and lifting increased his pain. (Doc. 7-7, PageID 578.) He stated that he lived with his parents and that his nephew "help[ed]." (*Id.*)

At the consultative psychological examination, Plaintiff stated that he lived with his parents and his child in his parents' house. (Doc. 7-7, PageID 713.) He stated that when he worked, he typically did so in the afternoon; otherwise he reported limited

9

activities such as "hang[ing] out" with his dogs, watching television, and sometimes helping his child with homework. (*Id.*) Plaintiff sometimes did minor housework chores such as loading the dishwasher or doing laundry, bur reported being able to lift and carry only a light load of laundry. (*Id.*) He prepared simple meals four to five times per week and did not do any yard work. (*Id.*) Plaintiff stated that he could drive short distances, that he and his parents go to the grocery store together, and that he can carry only light groceries. (*Id.*) These statements parallel Plaintiff's testimony at the June 2020 hearing, when he said that his parents help with many activities, such as doing the yardwork, carrying heavy groceries (like bags of dog food), driving him to appointments, vacuuming, and doing most of the laundry. (*Id.* at PageID 58, 64-66, 68-69.)

The ALJ ignored these statements when he analyzed Plaintiff's symptom severity. Although the ALJ referred to a few of these statements in his decision, he did so only in the context of evaluating how Plaintiff's mental impairments affect his ability to adapt or manage himself. (Doc. 7-3, PageID 154-55.) The ALJ's finding that Plaintiff lives independently is not "consistent with and supported by the evidence" as required by SSR 16-3p. Nor is it supported by substantial evidence. Instead, the ALJ's evaluation of Plaintiff's symptom severity signifies an impermissibly selective review of the record. *E.g., Minor v. Comm'r of Soc. Sec.*, 513 Fed. App'x 417, 435 (6th Cir. 2013) (reversing where "[i]nstead of performing a proper analysis … the ALJ cherry-picked select portions of the medical record to discredit Minor's complaints of pain").

The ALJ further found that the fact that Plaintiff works part-time establishes more functional abilities with the right arm than alleged by Plaintiff, demonstrates "sufficient

10

physical capacity and adequate mental acuity to live independently," and "presupposes rather intact physical abilities and mental capabilities." (Doc. 7-3, PageID 156-58.) These findings mischaracterize the record and are unsupported by substantial evidence.

Plaintiff testified that he worked part-time as a driver for a car dealership but could not drive long distances. (Doc. 7-2, PageID 51-52.) Plaintiff told the consultative psychologist that his pain limited him to driving only short distances. (Doc. 7-7, PageID 713.) Plaintiff acknowledged going on one long trip for work (approximately eight to ten hours), but drove only the second half of the trip, and afterwards was almost "[un]able to move." (*Id.*) Plaintiff worked only approximately ten to eighteen hours per week. (Doc. 7-2, PageID 52; Doc. 7-7, PageID 712.)

The ALJ ignored this evidence and mischaracterized the record when he relied on Plaintiff's part-time work to discount his complaints about his right upper extremity:

> Nonetheless, ***[Plaintiff] was noted to still be able to detail cars on a part time basis (see for example 2F at 13)***. . . . The aforementioned evidence that [Plaintiff] experiences some limitation with the right upper extremity. However, even with this limited range of motion of the right upper extremity, as noted above, [Plaintiff] continues to be able to perform activities of daily living as mentioned at Finding No. 4, ***as well as detailing cars and/or driving cars to and from the dealership***. Therefore, given that he exhibits some functionality with the upper right extremity, it has been determined that he could perform no more than occasional overhead reaching with the right upper extremity.

(Doc. 7-3, PageID 158 (emphasis added).)

Significantly, the ALJ cited to a record that is dated in February 2017, ***almost one year prior to the alleged disability onset date*** of January 12, 2018, to support his finding that Plaintiff is able to detail cars. (Doc. 7-7, PageID 439-40.) The record contains no

11

evidence that Plaintiff detailed cars after the alleged onset date. To the contrary, Plaintiff reported that he worked as an auto detailer until January 2018. (Doc. 7-6, PageID 294.) Plaintiff also testified at the hearing that he was no longer detailing cars. (Doc. 7-2, PageID 52-53.)

In sum, the ALJ erred by failing to comply with SSR 16-3p when evaluating Plaintiff's symptom severity, and by making factual findings that are not supported by substantial evidence. The ALJ's error can be excused as harmless unless it prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers*, 582 F.3d at 654. The Court finds that the ALJ's error was not harmless because it prejudiced Plaintiff on the merits. Therefore, reversal and remand is required.

## VI. CONCLUSION

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding

12

this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary, particularly as to Plaintiff's symptom severity, and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 9) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

    */s/ Caroline H. Gentry*
    Caroline H. Gentry
    United States Magistrate Judge